IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ONE-BLUE, LLC, ) <br> KONINKLIJKE PHILIPS N.V., ) <br> PANASONIC CORPORATION, ) <br> PIONEER CORPORATION, AND ) <br> SONY CORPORATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> IMATION CORPORATION, ) <br> ) <br> Defendant. ) | C.A. No. _____ <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

### Nature of the Action

1. This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, including 35 U.S.C. § 281.

### Subject Matter Jurisdiction

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this civil action arises under the laws of the United States and because this civil action arises under an Act of Congress relating to patents.

### Parties

3. Plaintiff One-Blue, LLC ("One-Blue") is a limited liability company organized and existing under the laws of Delaware with a place of business at 555 Madison Ave, 11th Floor, New York, NY 10022.

4. Plaintiff Koninklijke Philips N.V. ("Philips") is a corporation organized under the laws of the Netherlands, with a place of business at Amstelplein 2, Breitner Center, 1070 MX Amsterdam, The Netherlands.

5. Plaintiff Panasonic Corporation ("Panasonic") is a corporation organized under the laws of Japan, with a place of business at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan.

6. Plaintiff Pioneer Corporation ("Pioneer") is a corporation organized under the laws of Japan, with a place of business at 1-1 Shin-ogura, Saiwai-ku, Kawasaki-shi, Kanagawa 212-0031, Japan.

7. Plaintiff Sony Corporation ("Sony") is a corporation organized under the laws of Japan, with a place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.

8. Defendant Imation Corporation ("Imation") is a corporation organized and existing under the laws of Delaware, having an office and principal place of business at 1 Imation Way, Oakdale, Minnesota 55128.

**Factual Background**

**Blu-Ray Technology and the Blu-Ray Disc Association Standards**

9. The inventions in this case relate to Blu-ray Disc technology. Blu-ray is a high-density optical disc media format that can be used for data storage based upon solid-state blue-laser technology.

10. Blu-ray Disc technology, among other things, provides a significant improvement and increase in storage capacity over traditional optical storage media, such as CD and DVD.

11. The inventions in this case also relate to the Blu-ray Disc Association's ("BDA") standard specifications (the "Blu-ray Standard"), which specify the Blu-ray optical format, including the physical format, file system and application format required for the recordable, rewritable and reproduction system.

12. Plaintiffs' pioneering inventions became the foundation for the establishment and adoption of the Blu-ray Standard.

13. Numerous Plaintiffs' U.S. and foreign patents, including the patents-at-issue, were incorporated into, and are essential to, the Blu-ray Standard.

14. Upon information and belief, a manufacturer must obtain a format and logo license from the BDA in order to display the official BDA logo on its products. As part of the BDA format and logo license agreement, the manufacturer agrees that all products bearing or marketed under the official BDA logo must be compliant and manufactured in accordance to the Blu-ray Standard.

### One-Blue Patent Pool

15. In 2009, Panasonic, Philips, and Sony joined with other leading Blu-ray patent holders as founders of a patent pool for essential patents relating to the Blu-ray Standard (the "Patent Pool"), and established an independent licensing company, One-Blue, a Delaware limited liability company, for the purpose of administering the patent licensing programs for Blu-ray Disc products using the patents of the Patent Pool.

16. In 2012, Pioneer joined the Patent Pool as a patent licensor.

17. The Patent Pool now has 15 patent licensors including the original founders.

18. Each of the patents asserted by Plaintiffs in this action is contained in the Patent Pool and five of the six asserted patents have been deemed essential to the Blu-ray Standard by an independent patent evaluator. The sixth is a related patent. Complete lists of Plaintiffs' essential patents are publically available at One-Blue's licensing website.

### Defendant Activities

19. Upon information and belief, Imation has executed a BDA logo license agreement.

20. Upon information and belief, Imation has made, used, sold, offered for sale, and imported Blu-ray-compliant products, including, but not limited to, Blu-ray discs, within the United States that display the official BDA logo on their respective packaging.

21. Upon information and belief, Imation's Blu-ray-compliant products, including, but not limited to, Blu-ray discs, have been made, used, sold, offered for sale, and imported within the United States without any authority or license from One-Blue, Panasonic, Pioneer, Sony, or Philips.

22. Upon information and belief, the infringing Blu-ray-compliant products of Imation include, but are not limited to, Blu-ray discs, such as the Imation BD-R 4x white inkjet hub printable, 25pk spindle; Imation BD-R 4x white thermal hub printable, 25pk spindle; Imation BD-R 4x 25GB 1pk; Imation BD-R 4x 25GB 25pk spindle; Imation BD-RE 2x 25GB 1pk; Memorex BD-R 25GB; Memorex BD-RE 25GB; and Memorex 6x BD-R 25GB.

23. Upon information and belief, the infringement by Imation has been deliberate and willful.

**Personal Jurisdiction and Venue**

24. Upon information and belief, Imation voluntarily placed Blu-ray-compliant products, including Blu-ray discs, into the stream of U.S. commerce, conscious that Delaware, including this judicial district, was the likely destination of a substantial quantity of such products.

25. Upon information and belief, a substantial part of the events giving rise to Plaintiffs' claim for patent infringement occurred in Delaware and in this judicial district.

26. Upon information and belief, Imation maintains or has maintained continuous and systematic contacts with Delaware and this judicial district.

27. Upon information and belief, Imation is subject to personal jurisdiction in this district because it purposefully engaged in activities that gave rise to this claim for patent infringement and which were directed at residents of Delaware and this judicial district.

28. Upon information and belief, Imation is subject to personal jurisdiction in this district because it has maintained continuous and systematic contacts with Delaware and this judicial district.

29. Upon information and belief, Imation resides in this district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b) because it is subject to personal jurisdiction in this district.

30. Upon information and belief, venue for this civil action in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

### First Count
### (Patent Infringement)

31. United States Letters Patent No. 7,290,272 ("the '272 patent") issued on October 30, 2007, to Kazuhiro Hayashi, Eiji Ohno, and Masanari Mohri. A copy of the '272 patent, entitled "Optical Data Recording Disc With Protrusion Between Clamping Area And Center Hole," is attached hereto as Exhibit A.

32. Panasonic is the owner by assignment of the '272 patent.

33. Upon information and belief, Imation has directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '272 patent, both literally and under the doctrine of equivalents, by making, using, selling, and offering for sale Blu-ray-compliant products, including Blu-ray discs, within the United States, and by importing Blu-ray-compliant products, including Blu-ray discs, into the United States.

34. With regard to inducement of infringement, Plaintiffs provided Imation with notice and knowledge of its infringement at least via a notice letter sent by One-Blue, dated June

25, 2012. The notice letter provided Imation with knowledge of its users' infringement by explaining that use of unlicensed Blu-ray discs in the United States is an infringing act:

> One-Blue administers a patent pool for essential patents of multiple licensors covering BD products including BD players and/or recorders, BD drives, BD software, BD-R and BD-RE discs, BD-ROM movie discs and BD-ROM data discs. <u>Every such product made, used, offered for sale, sold or imported into the United States is covered by these essential patents</u>. Lists of patents infringed by BD-R/RE Discs are attached to this letter, placing you and your company on notice of these patents in accordance with 35 U.S.C. § 287. These patent lists are being periodically expanded, and are available on the One-Blue website at http://www.one-blue.com/license-program/bd-r-re.html.
>
> <u>Under 35 U.S.C. § 271, companies that make, use, offer to sell, sell and or import unlicensed BD-R/RE Discs into the United States infringe upon these patents and are subject to liability, including enhanced damages for willful patent infringement and liability for One-Blue's attorneys' fees</u>.
>
> One-Blue is informed that your company presently purchases BD-R and/or BD-RE discs that are unlicensed and is therefore selling and trading in unlicensed products. One-Blue wishes to advise you that under 35 U.S.C. § 271, companies that import, sell and trade in unlicensed products are infringers of patents within the One-Blue patent pool. As an example of such a BD-R and/or BD-RE Disc product, we bring your attention to the following products:
>
> 1.     Imation Blu-ray Disc    25GB 4x BD-R    Model 27793
> 2.     Memorex Blu-ray Disc    25GB 4x BD-R    Model 98682
> 3.     TDK Blu-ray Disc    25GB 2x BD-RE    Model 48738

      4.     Imation Blu-ray Disc     25GB 2x BD-RE    Model 97947.

(emphasis added.) Moreover, Imation specifically intended its users to infringe the patents-in-suit. For example, the accused Imation Blu-ray discs are blank discs that Imation advertises as compliant with the Blu-ray Standard. Imation sells and offers for sale the discs to users for the purpose of recording data on the discs that is compatible with the Blu-ray Standard. The users then use the Blu-ray discs in the United States, which is an infringing act. Further, the users' recording of data on the blank Blu-ray discs directly infringes the patents-in-suit.

      35.     With regard to contributory infringement, Imation has the requisite knowledge that its Blu-ray products, including Blu-ray discs, are especially made for use in an infringement of the patents-in-suit. For example, Imation's blank Blu-ray discs are especially formatted to be read by Blu-ray players and written to by Blu-ray recorders. Imation's Blu-ray products, including Blu-ray discs, have no substantial noninfringing use because they are formatted for use only in Blu-ray players and recorders and such use is infringing.

**Second Count**
**(Patent Infringement)**

      36.     United States Letters Patent No. 7,389,520 ("the '520 patent") issued on June 17, 2008, to Kazuhiro Hayashi, Eiji Ohno, and Masanari Mohri. A copy of the '520 patent, entitled "Optical Data Recording Disc With Protrusion Between Clamping Area And Center Hole," is attached hereto as Exhibit B.

      37.     Panasonic is the owner by assignment of the '520 patent.

      38.     The '520 patent has been deemed essential to the Blu-ray Standard by an independent patent evaluator.

      39.     Imation had knowledge of the '520 patent before the filing of this lawsuit.

40.     Imation had notice of infringement of the '520 patent before the filing of this lawsuit.

41.     Upon information and belief, Imation has directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '520 patent, both literally and under the doctrine of equivalents, by making, using, selling, and offering for sale Blu-ray-compliant products, including Blu-ray discs, within the United States, and by importing Blu-ray-compliant products, including Blu-ray discs, into the United States.

42.     With regard to inducement of infringement, Plaintiffs provided Imation with notice and knowledge of its infringement at least via a notice letter sent by One-Blue, dated June 25, 2012.  The notice letter provided Imation with knowledge of its users' infringement by explaining that use of unlicensed Blu-ray discs in the United States is an infringing act:

> One-Blue administers a patent pool for essential patents of multiple licensors covering BD products including BD players and/or recorders, BD drives, BD software, BD-R and BD-RE discs, BD-ROM movie discs and BD-ROM data discs.  <u>Every such product made, used, offered for sale, sold or imported into the United States is covered by these essential patents</u>.  Lists of patents infringed by BD-R/RE Discs are attached to this letter, placing you and your company on notice of these patents in accordance with 35 U.S.C. § 287.  These patent lists are being periodically expanded, and are available on the One-Blue website at http://www.one-blue.com/license-program/bd-r-re.html.
> <u>Under 35 U.S.C. § 271, companies that make, use, offer to sell, sell and or import unlicensed BD-R/RE Discs into the United States infringe upon these patents and are subject to liability, including enhanced damages for willful patent infringement and liability for One-Blue's attorneys' fees</u>.

8

One-Blue is informed that your company presently purchases BD-R and/or BD-RE discs that are unlicensed and is therefore selling and trading in unlicensed products. One-Blue wishes to advise you that under 35 U.S.C. § 271, companies that import, sell and trade in unlicensed products are infringers of patents within the One-Blue patent pool. As an example of such a BD-R and/or BD-RE Disc product, we bring your attention to the following products:

1. Imation Blu-ray Disc        25GB 4x BD-R     Model 27793
2. Memorex Blu-ray Disc        25GB 4x BD-R     Model 98682
3. TDK Blu-ray Disc            25GB 2x BD-RE    Model 48738
4. Imation Blu-ray Disc        25GB 2x BD-RE    Model 97947.

(emphasis added.) Moreover, Imation specifically intended its users to infringe the patents-in-suit. For example, the accused Imation Blu-ray discs are blank discs that Imation advertises as compliant with the Blu-ray Standard. Imation sells and offers for sale the discs to users for the purpose of recording data on the discs that is compatible with the Blu-ray Standard. The users then use the Blu-ray discs in the United States, which is an infringing act. Further, the users' recording of data on the blank Blu-ray discs directly infringes the patents-in-suit.

43.    With regard to contributory infringement, Imation has the requisite knowledge that its Blu-ray products, including Blu-ray discs, are especially made for use in an infringement of the patents-in-suit. For example, Imation's blank Blu-ray discs are especially formatted to be read by Blu-ray players and written to by Blu-ray recorders. Imation's Blu-ray products, including Blu-ray discs, have no substantial noninfringing use because they are formatted for use only in Blu-ray players and recorders and such use is infringing.

44.    Upon information and belief, the infringement of the '520 patent by Imation has been deliberate and willful.

9

## Third Count
## (Patent Infringement)

45. United States Letters Patent No. 7,292,509 ("the '509 patent") issued on November 6, 2007, to Yoshimi Tomita and Tetsuya Iida. A copy of the '509 patent, entitled "Recording Disc And Apparatus And Method For Reproducing Recorded Information," is attached hereto as Exhibit C.

46. Pioneer is the owner by assignment of the '509 patent.

47. The '509 patent has been deemed essential to the Blu-ray Standard by an independent patent evaluator.

48. Imation had knowledge of the '509 patent before the filing of this lawsuit.

49. Imation had notice of infringement of the '509 patent before the filing of this lawsuit.

50. Upon information and belief, Imation has directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '509 patent, both literally and under the doctrine of equivalents, by making, using, selling, and offering for sale Blu-ray-compliant products, including Blu-ray discs, within the United States, and by importing Blu-ray-compliant products, including Blu-ray discs, into the United States.

51. With regard to inducement of infringement, Plaintiffs provided Imation with notice and knowledge of its infringement at least via a notice letter sent by One-Blue, dated June 25, 2012. The notice letter provided Imation with knowledge of its users' infringement by explaining that use of unlicensed Blu-ray discs in the United States is an infringing act:

> One-Blue administers a patent pool for essential patents of multiple licensors covering BD products including BD players and/or recorders, BD drives, BD software, BD-R and BD-RE discs, BD-ROM movie discs and BD-ROM data

discs.  <u>Every such product made, used, offered for sale, sold or imported into the United States is covered by these essential patents</u>.  Lists of patents infringed by BD-R/RE Discs are attached to this letter, placing you and your company on notice of these patents in accordance with 35 U.S.C. § 287.   These patent lists are being periodically expanded, and are available on the One-Blue website at http://www.one-blue.com/license-program/bd-r-re.html.

<u>Under 35 U.S.C. § 271, companies that make, use, offer to sell, sell and or import unlicensed BD-R/RE Discs into the United States infringe upon these patents and are subject to liability, including enhanced damages for willful patent infringement and liability for One-Blue's attorneys' fees</u>.

One-Blue is informed that your company presently purchases BD-R and/or BD-RE discs that are unlicensed and is therefore selling and trading in unlicensed products.  One-Blue wishes to advise you that under 35 U.S.C. § 271, companies that import, sell and trade in unlicensed products are infringers of patents within the One-Blue patent pool. As an example of such a BD-R and/or BD-RE Disc product, we bring your attention to the following products:

    1.       Imation Blu-ray Disc       25GB 4x BD-R       Model 27793

    2.       Memorex Blu-ray Disc      25GB 4x BD-R       Model 98682

    3.       TDK Blu-ray Disc          25GB 2x BD-RE     Model 48738

    4.       Imation Blu-ray Disc       25GB 2x BD-RE     Model 97947.

(emphasis added.)  Moreover, Imation specifically intended its users to infringe the patents-in-suit.  For example, the accused Imation Blu-ray discs are blank discs that Imation advertises as compliant with the Blu-ray Standard.  Imation sells and offers for sale the discs to users for the purpose of recording data on the discs that is compatible with the Blu-ray Standard.  The users

11

then use the Blu-ray discs in the United States, which is an infringing act. Further, the users' recording of data on the blank Blu-ray discs directly infringes the patents-in-suit.

52. With regard to contributory infringement, Imation has the requisite knowledge that its Blu-ray products, including Blu-ray discs, are especially made for use in an infringement of the patents-in-suit. For example, Imation's blank Blu-ray discs are especially formatted to be read by Blu-ray players and written to by Blu-ray recorders. Imation's Blu-ray products, including Blu-ray discs, have no substantial noninfringing use because they are formatted for use only in Blu-ray players and recorders and such use is infringing.

53. Upon information and belief, the infringement of the '509 patent by Imation has been deliberate and willful.

### Fourth Count
### (Patent Infringement)

54. United States Letters Patent No. 7,123,567 ("the '567 patent") issued on October 17, 2006, to Susumu Senshu. A copy of the '567 patent, entitled "Recording Technique With Particular Bit-Distance Control In The Synchronization Pattern," is attached hereto as Exhibit D.

55. Sony is the owner by assignment of the '567 patent.

56. The '567 patent has been deemed essential to the Blu-ray Standard by an independent patent evaluator.

57. Imation had knowledge of the '567 patent before the filing of this lawsuit.

58. Imation had notice of infringement of the '567 patent before the filing of this lawsuit.

59. Upon information and belief, Imation has directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '567 patent, both literally and under the doctrine of equivalents, by making, using, selling, and offering for sale Blu-ray-

12

compliant products, including Blu-ray discs, within the United States, and by importing Blu-ray-compliant products, including Blu-ray discs, into the United States.

60.     With regard to inducement of infringement, Plaintiffs provided Imation with notice and knowledge of its infringement at least via a notice letter sent by One-Blue, dated June 25, 2012.  The notice letter provided Imation with knowledge of its users' infringement by explaining that use of unlicensed Blu-ray discs in the United States is an infringing act:

> One-Blue administers a patent pool for essential patents of multiple licensors covering BD products including BD players and/or recorders, BD drives, BD software, BD-R and BD-RE discs, BD-ROM movie discs and BD-ROM data discs.  <u>Every such product made, used, offered for sale, sold or imported into the United States is covered by these essential patents</u>.  Lists of patents infringed by BD-R/RE Discs are attached to this letter, placing you and your company on notice of these patents in accordance with 35 U.S.C. § 287.   These patent lists are being periodically expanded, and are available on the One-Blue website at http://www.one-blue.com/license-program/bd-r-re.html.
> <u>Under 35 U.S.C. § 271, companies that make, use, offer to sell, sell and or import unlicensed BD-R/RE Discs into the United States infringe upon these patents and are subject to liability, including enhanced damages for willful patent infringement and liability for One-Blue's attorneys' fees</u>.
> One-Blue is informed that your company presently purchases BD-R and/or BD-RE discs that are unlicensed and is therefore selling and trading in unlicensed products.  One-Blue wishes to advise you that under 35 U.S.C. § 271, companies that import, sell and trade in unlicensed products are infringers of patents within

the One-Blue patent pool. As an example of such a BD-R and/or BD-RE Disc product, we bring your attention to the following products:

1. Imation Blu-ray Disc      25GB 4x BD-R      Model 27793
2. Memorex Blu-ray Disc      25GB 4x BD-R      Model 98682
3. TDK Blu-ray Disc      25GB 2x BD-RE      Model 48738
4. Imation Blu-ray Disc      25GB 2x BD-RE      Model 97947.

(emphasis added.)  Moreover, Imation specifically intended its users to infringe the patents-in-suit.  For example, the accused Imation Blu-ray discs are blank discs that Imation advertises as compliant with the Blu-ray Standard.  Imation sells and offers for sale the discs to users for the purpose of recording data on the discs that is compatible with the Blu-ray Standard.  The users then use the Blu-ray discs in the United States, which is an infringing act.  Further, the users' recording of data on the blank Blu-ray discs directly infringes the patents-in-suit.

61.     With regard to contributory infringement, Imation has the requisite knowledge that its Blu-ray products, including Blu-ray discs, are especially made for use in an infringement of the patents-in-suit.  For example, Imation's blank Blu-ray discs are especially formatted to be read by Blu-ray players and written to by Blu-ray recorders. Imation's Blu-ray products, including Blu-ray discs, have no substantial noninfringing use because they are formatted for use only in Blu-ray players and recorders and such use is infringing.

62.     Upon information and belief, the infringement of the '567 patent by Imation has been deliberate and willful.

## Fifth Count
## (Patent Infringement)

63. United States Letters Patent No. 7,349,309 ("the '309 patent") issued on March 25, 2008, to Susumu Senshu. A copy of the '309 patent, entitled "Disk Recording Medium Having ID Recorded Over A Circle Of A Burst Cutting Area," is attached hereto as Exhibit E.

64. Sony is the owner by assignment of the '309 patent.

65. The '309 patent has been deemed essential to the Blu-ray Standard by an independent patent evaluator.

66. Imation had knowledge of the '309 patent before the filing of this lawsuit.

67. Imation had notice of infringement of the '309 patent before the filing of this lawsuit.

68. Upon information and belief, Imation has directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '309 patent, both literally and under the doctrine of equivalents, by making, using, selling, and offering for sale Blu-ray-compliant products, including Blu-ray discs, within the United States, and by importing Blu-ray-compliant products, including Blu-ray discs, into the United States.

69. With regard to inducement of infringement, Plaintiffs provided Imation with notice and knowledge of its infringement at least via a notice letter sent by One-Blue, dated June 25, 2012. The notice letter provided Imation with knowledge of its users' infringement by explaining that use of unlicensed Blu-ray discs in the United States is an infringing act:

> One-Blue administers a patent pool for essential patents of multiple licensors covering BD products including BD players and/or recorders, BD drives, BD software, BD-R and BD-RE discs, BD-ROM movie discs and BD-ROM data discs. <u>Every such product made, used, offered for sale, sold or imported into the</u>

<u>United States is covered by these essential patents</u>. Lists of patents infringed by BD-R/RE Discs are attached to this letter, placing you and your company on notice of these patents in accordance with 35 U.S.C. § 287. These patent lists are being periodically expanded, and are available on the One-Blue website at http://www.one-blue.com/license-program/bd-r-re.html.

<u>Under 35 U.S.C. § 271, companies that make, use, offer to sell, sell and or import unlicensed BD-R/RE Discs into the United States infringe upon these patents and are subject to liability, including enhanced damages for willful patent infringement and liability for One-Blue's attorneys' fees</u>.

One-Blue is informed that your company presently purchases BD-R and/or BD-RE discs that are unlicensed and is therefore selling and trading in unlicensed products. One-Blue wishes to advise you that under 35 U.S.C. § 271, companies that import, sell and trade in unlicensed products are infringers of patents within the One-Blue patent pool. As an example of such a BD-R and/or BD-RE Disc product, we bring your attention to the following products:

1. Imation Blu-ray Disc     25GB 4x BD-R     Model 27793
2. Memorex Blu-ray Disc     25GB 4x BD-R     Model 98682
3. TDK Blu-ray Disc         25GB 2x BD-RE    Model 48738
4. Imation Blu-ray Disc     25GB 2x BD-RE    Model 97947.

(emphasis added.) Moreover, Imation specifically intended its users to infringe the patents-in-suit. For example, the accused Imation Blu-ray discs are blank discs that Imation advertises as compliant with the Blu-ray Standard. Imation sells and offers for sale the discs to users for the purpose of recording data on the discs that is compatible with the Blu-ray Standard. The users

16

then use the Blu-ray discs in the United States, which is an infringing act.  Further, the users' recording of data on the blank Blu-ray discs directly infringes the patents-in-suit.

70. With regard to contributory infringement, Imation has the requisite knowledge that its Blu-ray products, including Blu-ray discs, are especially made for use in an infringement of the patents-in-suit.  For example, Imation's blank Blu-ray discs are especially formatted to be read by Blu-ray players and written to by Blu-ray recorders. Imation's Blu-ray products, including Blu-ray discs, have no substantial noninfringing use because they are formatted for use only in Blu-ray players and recorders and such use is infringing.

71. Upon information and belief, the infringement of the '309 patent by Imation has been deliberate and willful.

### Sixth Count
### (Patent Infringement)

72. United States Letters Patent No. 7,158,472 ("the '472 patent") issued on January 2, 2007, to Cornelis Marinus Schep, Aalbert Stek, Constant Paul Marie Jozef Baggen, Koen Vanhoof, Tamotsu Yamagami, Shoei Kobayashi, Nobuyoshi Kobayashi, Shinichiro Ilmura.  A copy of the '472 patent, entitled "Record Carrier And Apparatus For Scanning The Record Carrier," is attached hereto as Exhibit F.

73. Philips and Sony are the owners by assignment of the '472 patent.

74. The '472 patent has been deemed essential to the Blu-ray Standard by an independent patent evaluator.

75. Imation had knowledge of the '472 patent before the filing of this lawsuit.

76. Imation had notice of infringement of the '472 patent before the filing of this lawsuit.

77. Upon information and belief, Imation has directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '472 patent, both literally and under the doctrine of equivalents, by making, using, selling, offering for sale, and importing Blu-ray-compliant products, including Blu-ray discs, within the United States.

78. With regard to inducement of infringement, Plaintiffs provided Imation with notice and knowledge of its infringement at least via a notice letter sent by One-Blue, dated June 25, 2012. The notice letter provided Imation with knowledge of its users' infringement by explaining that use of unlicensed Blu-ray discs in the United States is an infringing act:

> One-Blue administers a patent pool for essential patents of multiple licensors covering BD products including BD players and/or recorders, BD drives, BD software, BD-R and BD-RE discs, BD-ROM movie discs and BD-ROM data discs. <u>Every such product made, used, offered for sale, sold or imported into the United States is covered by these essential patents</u>. Lists of patents infringed by BD-R/RE Discs are attached to this letter, placing you and your company on notice of these patents in accordance with 35 U.S.C. § 287. These patent lists are being periodically expanded, and are available on the One-Blue website at http://www.one-blue.com/license-program/bd-r-re.html.
> <u>Under 35 U.S.C. § 271, companies that make, use, offer to sell, sell and or import unlicensed BD-R/RE Discs into the United States infringe upon these patents and are subject to liability, including enhanced damages for willful patent infringement and liability for One-Blue's attorneys' fees</u>.
> One-Blue is informed that your company presently purchases BD-R and/or BD-RE discs that are unlicensed and is therefore selling and trading in unlicensed products. One-Blue wishes to advise you that under 35 U.S.C. § 271, companies

that import, sell and trade in unlicensed products are infringers of patents within the One-Blue patent pool. As an example of such a BD-R and/or BD-RE Disc product, we bring your attention to the following products:

1. Imation Blu-ray Disc      25GB 4x BD-R      Model 27793

2. Memorex Blu-ray Disc    25GB 4x BD-R      Model 98682

3. TDK Blu-ray Disc           25GB 2x BD-RE    Model 48738

4. Imation Blu-ray Disc      25GB 2x BD-RE    Model 97947.

(emphasis added.) Moreover, Imation specifically intended its users to infringe the patents-in-suit. For example, the accused Imation Blu-ray discs are blank discs that Imation advertises as compliant with the Blu-ray Standard. Imation sells and offers for sale the discs to users for the purpose of recording data on the discs that is compatible with the Blu-ray Standard. The users then use the Blu-ray discs in the United States, which is an infringing act. Further, the users' recording of data on the blank Blu-ray discs directly infringes the patents-in-suit.

79. With regard to contributory infringement, Imation has the requisite knowledge that its Blu-ray products, including Blu-ray discs, are especially made for use in an infringement of the patents-in-suit. For example, Imation's blank Blu-ray discs are especially formatted to be read by Blu-ray players and written to by Blu-ray recorders. Imation's Blu-ray products, including Blu-ray discs, have no substantial noninfringing use because they are formatted for use only in Blu-ray players and recorders and such use is infringing.

80. Upon information and belief, the infringement of the '472 patent by Imation has been deliberate and willful.

## Prayer for Relief

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered:

  A. that the Defendant has infringed the '272, '520, '509, '567, '309, and '472 patents;

  B. that the Defendant's infringement of the '520, '509, '567, '309, and '472 patents has been deliberate and willful;

  C. compensating Plaintiffs for all damages caused by the Defendant's infringement of the '272, '520, '509, '567, '309, and '472 patents;

  D. enhancing Plaintiffs' damages up to three times their amount pursuant to 35 U.S.C. § 284;

  E. granting Plaintiffs pre- and post-judgment interest on damages, together with all costs and expenses;

  F. granting Plaintiffs reasonable attorney fees pursuant to 35 U.S.C. § 285; and

  G. awarding such other relief as this Court may deem just and proper.

## Demand For Jury Trial

Plaintiffs respectfully request a trial by jury on all claims so triable.

| OF COUNSEL: | Respectfully submitted, |
|---|---|
| Frank A. Decosta, III | |
| Joyce Craig | */s/ Karen E. Keller* |
| Mandy J. Song | Karen E. Keller (No. 4489) |
| Patrick J. Stafford | Jeffrey T. Castellano (No. 4837) |
| FINNEGAN, HENDERSON, FARABOW, | SHAW KELLER LLP |
|  GARRETT & DUNNER, L.L.P. | 300 Delaware Avenue, Suite 1120 |
| 901 New York Avenue, N.W. | Wilmington, DE 19801 |
| Washington, D.C. 20001 | (302) 298-0700 |
| (202) 408-4000 | kkeller@shawkeller.com |
| | jcastellano@shawkeller.com |
| Dated: May 22, 2013 | *Attorneys for Plaintiffs* |