IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ONE-BLUE, LLC, KONINKLIJKE PHILIPS N.V., PANASONIC CORPORATION, PIONEER CORPORATION, AND SONY CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> IMATION CORPORATION, <br><br> Defendant. | C.A. No. 13-917-LPS |

**PLAINTIFFS' REPLY TO IMATION CORPORATION'S COUNTERCLAIMS**

Plaintiffs One-Blue, LLC, Koninklijke Philips N.V., Panasonic Corporation, Pioneer Corporation, and Sony Corporation (collectively, "Plaintiffs") present this Reply to the Counterclaims of Defendant Imation Corporation ("Imation") as follows. The paragraph numbers below correspond to the paragraph numbers in Imation's Counterclaims (D.I. 11 at 8).

1.      Plaintiffs admit that Imation purports to bring a Counterclaim for the alleged breach of FRAND licensing commitments by all Plaintiffs.

2.      Philips, Panasonic, Pioneer, and Sony admit that they are members of the BDA. One-Blue is not. Plaintiffs lack sufficient information and belief to admit or deny any remaining allegations of paragraph 2 and on that basis deny such allegations.

3.      Denied.

4.      Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 4 and on that basis deny such allegations.

5.      Denied.

6. Plaintiffs admit that Imation purports to seek the stated relief; any other allegations are denied.

7. Plaintiffs admit that Imation is a Delaware corporation with its principal place of business at One Imation Way, Oakdale, Minnesota 55128; Plaintiffs lack sufficient information and belief to admit or deny any remaining allegations of paragraph 7 and on that basis deny such allegations.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Plaintiffs admit that this purports to be an action that arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and that the Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1338, but otherwise deny the allegations of this paragraph.

14. Plaintiffs admit that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, but otherwise deny the allegations of this paragraph.

15. Plaintiffs admit that Blu-ray discs are a form of optical storage; Plaintiffs lack sufficient information and belief to admit or deny the remaining allegations of paragraph 15 and on that basis deny such allegations.

16. Plaintiffs admit that a group of electronics companies formed a group in the early 2000s to develop and promote Blu-ray disc technology; Plaintiffs lack sufficient information and

belief to admit or deny the remaining allegations of paragraph 16 and on that basis deny such allegations.

17. Plaintiffs admit that any entity interested in promoting and developing Blu-ray disc technology can apply for membership in the BDA and that Imation, Philips, Panasonic, Sony, and Pioneer are members of BDA; Plaintiffs lack sufficient information and belief to admit or deny the remaining allegations of paragraph 17 and on that basis deny such allegations.

18. Admitted that One-Blue licenses patents owned by Philips, Panasonic, Pioneer, and Sony, including patents essential to the Blu-ray standard; otherwise denied.

19. Plaintiffs admit that what purports to be a true and correct copy of the BDA bylaws is attached to Imation's Answer as Exhibit A; any other allegations are denied.

20. Plaintiffs lack sufficient information and belief to admit or deny any allegations of paragraph 20 and on that basis deny such allegations.

21. Plaintiffs lack sufficient information and belief to admit or deny any allegations of paragraph 21 and on that basis deny such allegations.

22. Plaintiffs lack sufficient information and belief to admit or deny any allegations of paragraph 22 and on that basis deny such allegations.

23. Plaintiffs lack sufficient information and belief to admit or deny any allegations of paragraph 23 and on that basis deny such allegations.

24. Plaintiffs lack sufficient information and belief to admit or deny any allegations of paragraph 24 and on that basis deny such allegations.

25. Plaintiffs lack sufficient information and belief to admit or deny any allegations of paragraph 25 and on that basis deny such allegations.

26. Admitted that Imation sells recordable and rewritable Blu-ray discs; Plaintiffs lack sufficient information and belief to admit or deny all remaining allegations of paragraph 26 and on that basis deny such allegations.

27. Denied

28. Denied.

29. Admitted that Plaintiffs have offered licenses to patents, including patents essential to the Blu-ray standard, on FRAND terms; otherwise denied.

30. Denied.

31. Denied.

32. Upon information and belief, Plaintiffs admit that use of Blu-ray disc technology in the United States increased after the time of its introduction; Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 32 and on that basis deny such allegations.

33. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 33 and on that basis deny such allegations.

34. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 34 and on that basis deny such allegations.

35. Denied.

36. Denied.

37. Upon information and belief, Plaintiffs admit that One-Blue wrote to Imation on or around June 25, 2012, and that correspondence speaks for itself; Plaintiffs deny the remaining allegations of paragraph 37.

38. Upon information and belief, Plaintiffs admit that Imation wrote to One-Blue on or around September 4, 2012, and that correspondence speaks for itself; Plaintiffs deny the remaining allegations of paragraph 38.

39. Upon information and belief, Plaintiffs admit that on or about September 11, 2012, One-Blue wrote to Imation, and that correspondence speaks for itself; Plaintiffs deny the allegations of paragraph 39.

40. Upon information and belief, Plaintiffs admit that Imation wrote to One-Blue on or around September 26, 2012, and that correspondence speaks for itself; Plaintiffs deny the remaining allegations of paragraph 40.

41. Admitted that One-Blue did not respond prior to the filing of this lawsuit on May 22, 2013; any other allegations are denied.

42. Plaintiffs admit that what purports to be true and correct copies of the June 25, 2012, and September 4, 11, and 26, 2012, correspondences between One-Blue and Imation or Imation's outside counsel are attached to Imation's Answer as Exhibit B; any other allegations are denied.

43. Plaintiffs admit that a Japanese representative of One-Blue corresponded with Imation, admit that there was no further correspondence from One-Blue, and admit that this lawsuit was filed on May 22, 2013, in the United States; Plaintiffs deny the remaining allegations of paragraph 43.

44. Denied.

45. Denied.

46. Denied.

47. Admitted that One-Blue offered Imation a license to patents it is authorized to license; Plaintiffs deny the remaining allegations of paragraph 47.

48. Denied.

49. Plaintiffs admit that Plaintiffs demand in the Complaint, inter alia, enhancing Plaintiffs' damages up to three times their amount pursuant to 35 U.S.C. § 284; granting Plaintiffs pre- and post-judgment interest on damages, together with all costs and expenses; granting Plaintiffs reasonable attorney fees pursuant to 35 U.S.C. § 285; and awarding such other relief as this Court may deem just and proper; any other allegations are denied.

50. Denied.

51. Denied.

52. Plaintiffs incorporate by reference their answers to the allegations of paragraphs 1-51.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Plaintiffs admit that Plaintiffs allege that at least five of the six patents at issue in this case are essential patents; any other allegations are denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Plaintiffs incorporate by reference their answers to the allegations of paragraphs 1-62.

64. Denied.

65. Denied.

66. Denied.

67. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 67 and on that basis deny such allegations.

68. Denied.

69. Denied.

70. Denied.

71. Plaintiffs incorporate by reference their answers to the allegations of paragraphs 1-70.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Plaintiffs incorporate by reference their answers to the allegations of paragraphs 1-75.

77. Plaintiffs admit that there appears to be a dispute between the parties concerning Plaintiffs' alleged contractual commitments under the BDA Bylaws and whether Plaintiffs have offered to license the patents-in-suit consistent with any such contractual commitments; any other allegations are denied.

78. Plaintiffs admit that there is a dispute; Plaintiffs deny the remaining allegations of paragraph 78.

79. Denied.

## PLAINTIFFS' AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Claim)

80. Imation fails to state a claim for breach of contract upon which relief can be granted.

81. Imation fails to state a claim for promissory estoppel upon which relief can be granted.

82. Imation fails to state a claim for waiver upon which relief can be granted.

83. Imation fails to state a claim for declaratory judgment that Plaintiffs' alleged offers do not comply with their alleged obligations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered:

A. declaring that Plaintiffs' alleged offers comply with their alleged obligations;

B. that Imation has infringed the '272, '520, '509, '567, '309, and '472 patents;

C. that Imation's infringement of the '520, '509, '567, '309, and '472 patents has been deliberate and willful;

D. compensating Plaintiffs for all damages caused by Imation's infringement of the '272, '520, '509, '567, '309, and '472 patents;

E. enhancing Plaintiffs' damages up to three times their amount pursuant to 35 U.S.C. § 284;

F. granting Plaintiffs' pre- and post-judgment interest on damages, together with all costs and expenses;

G. granting Plaintiffs' reasonable attorney fees pursuant to 35 U.S.C. § 285; and

H. awarding such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs have demanded a trial by jury on all claims and affirmative defenses for all issues so triable.

OF COUNSEL:
Frank A. Decosta, III
Joyce Craig
Mandy J. Song
Patrick J. Stafford
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: July 8, 2013

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Jeffrey T. Castellano (No. 4837)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
*Attorneys for Plaintiffs*