

Karen E. Keller
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
(302) 298-0702 - Direct
kkeller@shawkeller.com

January 21, 2014

**BY CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court Judge
U.S. District Court
844 North King Street
Wilmington, DE 19801

    Re:   *One-Blue, LLC et al. v. Imation Corp.*,
            C.A. No. 13-917–LPS

Dear Judge Stark:

    We write on behalf of Plaintiffs One-Blue, LLC, Panasonic Corporation, Pioneer Corporation, Koninklijke Philips N.V., and Sony Corporation to address Defendant Imation's letter and unilaterally revised proposed scheduling order of January 17, 2014. Imation's submission seeks to undue the parties' jointly proposed scheduling order submitted on January 13 (D.I. 36) in accordance with this Court's order (D.I. 35).

    Although Imation approved and signed the January 13 schedule, Imation now seeks to circumvent the Local Rules by sending a new schedule directly to the Court via letter rather than filing a motion for relief as Local Rule 7.1.2 requires. Because Imation did not notify Plaintiffs of the revised dates in the new scheduling order before Imation filed it on January 17, the required meet-and-confer process did not take place. Indeed, Imation never notified Plaintiffs that it wanted to change the dates for fact discovery, expert discovery, case dispositive motions, and tutorials, let alone provide Plaintiffs with any new dates.

    Imation's new dates are unworkable. Imation, for example, has moved the end of fact discovery from the previously agreed-to date of August 8 to July 8, the same date Imation made initial expert reports due. That change requires the parties' experts to formulate their reports before fact discovery is complete. Moreover, the January 13 schedule provided four weeks between initial and rebuttal expert reports, which Imation has now compressed to three weeks. The January 13 schedule provided three weeks between rebuttal and reply expert reports, which Imation has compressed to only eight days. Not only are these changes impractical, Imation made them without notifying or conferring with Plaintiffs and without requesting permission from the Court to submit a new schedule. Such conduct is improper and prejudicial, and should not be rewarded.

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 2

  Moreover, to arrive at the schedule jointly submitted on January 13, Plaintiffs had compromised on several issues in the interest of filing a truly joint schedule for the convenience of the Court. Now that Imation has departed from a joint proposal, there are issues to which Plaintiffs would rather not agree, such as Imation's insistence that case-dispositive motions can be filed at any time and the removal of the 10-day restriction on early dispositive motions from the Court's standard scheduling order. Thus, Plaintiffs respectfully request an opportunity to file an amended case schedule as well, should the Court decide to consider Imation's new schedule without ordering any further meet-and-confer process. Plaintiffs, however, prefer that the Court either enter the January 13 schedule that the parties jointly proposed or order the parties to confer and jointly submit another proposed schedule.

  Imation's explanation for unilaterally filing a new schedule four days after the January 13 deadline is disingenuous. Imation has been aware since January 7 (D.I.35) that the Court would determine essentiality during the FRAND phase. Indeed, Imation was aware of that fact during negotiations with Plaintiffs to determine the January 13 schedule. Yet Imation now uses "essentiality" as an excuse for unilaterally compressing the case schedule far beyond what the parties had previously contemplated.

  Imation contends that the claim construction proceedings in the January 13 schedule existed only to support a determination of the essentiality of the patents-in-suit. The plain language of the January 13 proposed scheduling order, however, makes it clear that the claim construction proceedings were intended to accommodate "resolving any claim construction issues that may arise related to the FRAND phase, *e.g.*, the construction of claim terms relevant to the determination of essentiality <u>or the royalty rate for the patents</u>." (D.I. 35 ¶ 10) (emphasis added). On January 16, in response to Imation's communication to Plaintiffs' counsel expressing second thoughts about the Markman process proposed in the January 13 schedule, Plaintiffs explained to Imation that the scope of the patents is not only relevant to essentiality, but also relevant to the findings regarding the importance of the patents to the standard(s) and the importance of the patents to the accused products, both of which are factors in determining a FRAND royalty rate as discussed below.

  Plaintiffs also pointed out that the language in the as-filed schedule was flexible and contemplated a situation where perhaps no claim construction proceedings would be needed. (D.I. 35 ¶ 10) ("resolving any claim construction decisions that <u>may arise</u>") (emphasis added). As Plaintiffs explained to Imation, as the case proceeds, should the parties reach stipulations that eliminate the need for claim construction, they can approach the Court and seek schedule modifications as appropriate. (Ex. A, e-mail from J. Craig to D. Faith, dated Jan. 16, 2014.) Thus, contrary to the representation made in Imation's letter that it was "unable to learn the reason for [Plaintiffs'] unwillingness" to dispense with

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 3

dates for claim construction, Imation was told Plaintiffs' positions and Plaintiffs received no response from Imation until receiving a copy of the January 17 letter filed with the Court.

Claim construction issues arise during litigation over a FRAND royalty. The claim scope of the litigated patents is intertwined not only with the issue of essentiality but also with arguments made in litigation about the relative value of essential patents. In *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 WL 2111217 (W.D. Wash. Apr. 25, 2013), for example, the FRAND rate analysis proceeded in three steps: (1) determine the importance of the patent portfolio to the standard; (2) determine the importance of the patent portfolio as a whole to the alleged infringer's accused products; and (3) examine other licenses for comparable patents to determine a FRAND rate to license the patent portfolio. *Id.* at *20. When determining the importance of certain patents to the standard in step (1), the *Microsoft* court repeatedly noted that opinion testimony from Motorola's expert "requires the assumption that a court of law would construe the claim terms to cover a similar scope as used by [the expert] in his analysis." *See, e.g.*, *id.* at *28, *30, *37. The court heard voluminous evidence regarding the scope of the patent claims, and determined the scope of claims as part of evaluating the importance of the patents to the H.264 standard when determining a FRAND royalty rate. *See, e.g.*, *id.* at *29, *32. Accordingly, Imation's offer to stipulate to the essentiality of the asserted patents would not necessarily eliminate the need for claim construction.

For these reasons, Plaintiffs request that the Court disregard Imation's unilateral schedule of January 17 and enter the January 13 scheduling order jointly submitted by the parties. In the alternative, should the Court wish the parties to submit a new schedule, Plaintiffs request adequate time to confer with Imation beforehand.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc: Clerk of the Court (by CM/ECF)
     Counsel of Record (by CM/ECF and electronic mail)

# EXHIBIT A

| | |
|---|---|
| **From:** | Craig, Joyce |
| **To:** | "faith.david@dorsey.com" |
| **Cc:** | Decosta, Frank |
| **Subject:** | RE: following up regarding scheduling issue |
| **Date:** | Thursday, January 16, 2014 4:29:44 PM |

David,

Rather than ask the court not to act on the proposed scheduling order submitted earlier this week, Plaintiffs prefer to stick with the schedule that the parties agreed to.  It provides sufficient flexibility to have Markman proceedings if needed.  As the case proceeds, should the parties reach stipulations that eliminate the need for claim construction, they can approach the court and seek schedule modifications as appropriate.

Best,
Joyce

**Joyce Craig |Bio**
**Attorney at Law**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.6013 | fax 202.408.4400| joyce.craig@finnegan.com | www.finnegan.com

> **From:** faith.david@dorsey.com [mailto:faith.david@dorsey.com]
> **Sent:** Thursday, January 16, 2014 4:05 PM
> **To:** Craig, Joyce
> **Subject:** RE: following up regarding scheduling issue
>
> Joyce,
>
> Any word yet on our proposal?  I'd appreciate it if you could let me know one way or the other.  We consider this a matter of some urgency since we would like to resolve the matter before the court actually issues a scheduling order, if possible.
>
> Thanks,
>
> David Faith
> DORSEY & WHITNEY LLP
> *Voice:* 612.492.6913
>
> _____
> **From:** Faith, David
> **Sent:** Thursday, January 16, 2014 11:34 AM
> **To:** 'Craig, Joyce'
> **Subject:** following up regarding scheduling issue
>
> Joyce,

I'm following up on our earlier phone call in which I proposed that we file and amended joint scheduling order that does not include a Markman hearing subject to our concession of essentiality.  You indicated that you needed to talk it over with your colleagues and that we could perhaps set up a phone call later today to discuss the issue further.  I just left you a voice message, the subject of which was the fact that we should notify the court that we are in discussions regarding a scheduling issue and request that the court hold off on issuing the scheduling order until such time as we can either come to an agreement or determine the scope of any disagreement.  My thinking is that, either way, it would be easier to just submit a new proposed order (with "Plaintiffs' proposal / Defendant's Proposal" language if necessary) than it would be to submit letters to the court after-the-fact.

Could you please let me know if you are amenable to our contacting the court to request that it hold off on issuing the scheduling order pending our discussions?

**David L.D. Faith II**
Associate

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**D O R S E Y  &  W H I T N E Y  L L P**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
www.dorsey.com
**P:** 612.492.6913
**F:** 612.677.3265
**C:** 612.751.8467

<< OLE Object: Picture (Device Independent Bitmap) >>

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.*
*Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof.*
*Thank you.*