IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ONE-BLUE, LLC, KONINKLIJKE PHILIPS N.V., PANASONIC CORPORATION, PIONEER CORPORATION, AND SONY CORPORATION, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 13-917-LPS |
| IMATION CORP., | ) ) ) | |
| Defendant. | ) | |

[~~JOINT PROPOSED~~] SCHEDULING ORDER

This 22nd day of May, 2014, the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, and the Court having bifurcated for early decision issues relating to a determination of a fair, reasonable, and non-discriminatory royalty ("FRAND") rate, including a determination of the essentiality of the patents-in-suit to the relevant technical standard(s), and including discovery, dispositive motion practice, and trial (D.I. 34, 35);

IT IS ORDERED that, for the FRAND phase of this case:

1. As stipulated by Defendant Imation Corp., U.S. Patent Nos. 7,389,520; 7,292,509; 7,123,567; 7,349,309; and 7,158,472 are assumed valid, infringed by Imation, enforceable, and essential to the Blu-ray Disc standards for purposes of the FRAND phase of the case.

2. Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to

Federal Rule of Civil Procedure 26(a)(1) within two **(2) weeks** of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

3.  Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, for the determination of a FRAND rate shall be filed on or before **December 19, 2014**.

4.  Discovery. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a.  Discovery Cut Off.

    Fact discovery relevant to the determination of a FRAND rate shall be initiated so that such fact discovery will be completed on or before **December 12, 2014**, and expert discovery relevant to the determination of a FRAND rate will be completed no later than **February 27, 2015**.

    b.  Document Production.

    Document production relevant to the determination of a FRAND rate will be substantially complete by **August 29, 2014**.

    c.  Requests for Admission. A maximum of **twenty-five (25)** requests for admission relevant to the determination of a FRAND rate are permitted for each side.

    d.  Interrogatories.

        i.  A maximum of **twenty-five (25)** interrogatories, including contention interrogatories, relevant to the determination of a FRAND rate are

permitted for each side.

      ii.  The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

  e.  <u>Depositions</u>.

    i.  <u>Limitation on Hours for Deposition Discovery</u>.

Each side is limited to a total of **one hundred (100) hours** for depositions of fact witnesses, including third-party witnesses, relevant to the determination of a FRAND rate, subject to reconsideration of that limit by the Court.

    ii.  <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  f.  <u>Disclosure of Expert Testimony</u>.

    i.  <u>Expert Reports</u>.

For the party who has the initial burden of proof on the subject matter relevant to the determination of a FRAND rate, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due no later than **December 18, 2014**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due no later than

3

**January 21, 2015**. Reply expert reports from the party with the initial burden of proof are due no later than **February 18, 2015**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.        <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        g.        <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

5. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

7. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

9. Interim Status Report. On **October 24, 2014**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

10. Issue Dispositive Motions.

All dispositive motions on the issue of a FRAND rate, an opening brief, and affidavits, if any, in support of the motion shall be served and filed no later than **March 30, 2015**. Briefing will be presented pursuant to the Court's Local Rules. Each party is permitted to file as many dispositive motions on the issue of a FRAND rate as desired; provided, however, that each party will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.

11. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. Pretrial Conference. On ~~TBD~~ [Oct. 29, 2015], the Court will hold a pretrial conference in Court with counsel beginning at ~~TBD~~ [10 AM]. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial

6

order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before ~~TBD~~ Oct. 19, 2015. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

13. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

7

15. <u>Trial on FRAND issues</u>. The parties estimate that five trial days are needed. This matter is scheduled for a ~~TBD~~ 5 day jury trial beginning at 9:30 a.m. on ~~TBD~~ Nov. 16, 2015, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

16. <u>Status Report on remaining issues in case.</u> **Thirty (30) days after the jury trial**, counsel shall submit a joint letter to the Court reporting on the status of any remaining issues in the case that the parties will require the Court's assistance to resolve. Thereafter, if the Court deems it necessary, it will ask for a joint proposed scheduling order for the next phase of the case and /or schedule a status conference.

_____
United States District Judge

8